UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BAILEY,<br>       #1045689<br>              Plaintiff,<br>vs.<br>CLARK COUNTY DISTRICT<br>ATTORNEY'S OFFICE, *et al.*,<br>              Defendants. | 2:10-cv-01012-JCM-RJJ<br><br>**ORDER** |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

1 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued the Clark County district attorney's office, District Attorney David Roger, and John and Jane Doe deputy district attorneys. Plaintiff alleges that he and his girlfriend were both arrested for domestic violence but that defendants only charged plaintiff and subsequently released his girlfriend. Plaintiff claims that defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment. For the reasons discussed below, plaintiff's complaint is dismissed.

Plaintiff names Clark County district attorneys as defendants; however, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Prosecutorial immunity does not extend to those actions of a prosecutor that are "administrative" or "investigative" in nature. *See Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d at 636. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413 F.3d at 975; *Genzler*, 410 F.3d at 636; *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028. Here, plaintiff claims that defendants only charged him and not his girlfriend–presumably leading to his conviction with a crime, thus his allegations against the prosecutors arise from their actions in their official role as advocate for the State.

*See also Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009). Accordingly, all defendants in this action are dismissed based on absolute immunity.

Moreover, plaintiff's claim that defendants treated him and his girlfriend differently in violation of the equal protection clause of the Fourteenth Amendment is not a cognizable § 1983 claim. He does not challenge the conditions of his confinement, he seeks to challenge the fact of his conviction. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Because plaintiff seeks to challenge the fact that these charges were brought against him and, apparently, the fact of his conviction, his sole federal remedy for such claims is a writ of *habeas corpus*. Accordingly, his claims are dismissed. Because amendment would be futile, the entire complaint is dismissed with prejudice and without leave to amend.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

1 **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Anthony Bailey, **Inmate No. 1045689** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 16th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE